UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS POWERS,<br>    Plaintiff, | ) ) ) | |
| v. | ) ) | 15-CV-4056 |
| SALLY HOGUS, et.al.,<br>    Defendants. | ) ) ) | |

**OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The Plaintiff has filed a motion for leave to amend his complaint with a complete proposed amended complaint attached. [7] Therefore, the motion to amend is granted [7] and the court will consider only the claims in the amended complaint.

The Plaintiff alleges Sally Hougis, Director Gregg Scott, Joseph Hankins, Jennifer Blassing and the Illinois Department of Human Services violated his constitutional rights. Plaintiff's amended complaint contains a litany of claims against the named Defendants. (Amd. Comp., p. 3-14). It is difficult to interpret what allegations are meant as claims and what allegations were provided as background information. However, Plaintiff ends his complaint with four specific "counts" against the named Defendants which each contain several claims. (Amd. Comp., p. 15-19).

Plaintiff is proceeding pro se, but he is a very experienced litigator. *See Powers v. Synder*, Case No. 02-1372; *Powers v. Coleman*, Case No. 12-2041; *Powers v.Talbot*, Case No. 12-2207(pending); *Powers v. Godinez*, Case No. 12-3304; *Powers v. Jumper*, Case No. 12-3057(pending); *Powers v. Hankins,* Case No. 13-3057(pending); *Powers v. Lochard,* Case No. 13-3134; *Powers v. Depuy Orthopaedics, Inc.*, Case No. 14-3061; *Powers v. Scott,* Case No. 14-3148; *Powers v. Lochard,* Case No. 14-3262; *Powers v Scott*, Case No. 14-3201;*Powers v. Clayton,* Case No. 14-3306(pending). Therefore, the court will assume Plaintiff has fully identified the specific claims he wishes to pursue in the four identified counts.

In count one, Plaintiff alleges Defendant Hougis retaliated against him, denied him meaningful access to the courts, violated his First Amendment rights to practice his religion and violated the Religious Land Use and Institutionalized Persons Act (RLUIPA)[1]. Plaintiff is a Messianic Hebrew who attends a weekly religious service. After he filed a grievance against Defendant Hougis, she retaliated against him by launching a series of searches and shakedowns during numerous religions services looking for legal materials. The Defendant warned the Plaintiff the harassment would stop if he stopped filing grievances and lawsuits. Plaintiff

---

[1] Although the Plaintiff also makes reference to the word "conspiracy," he has not properly alleged a conspiracy involving the named Defendants. (Amd. Comp., p. 15).

2

eventually stopped going to the service to avoid the continued searches and disciplinary measures. Plaintiff has adequately alleged Defendant Hougis retaliated against him, violated his First Amendment right to practice his religion and his rights pursuant to RLUPIA.

Plaintiff has not articulated a claim based on a denial of meaningful access to the courts. The Supreme Court has long recognized a prisoner's fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996). However, an inmate will not have a valid claim unless the Defendants' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir.2009); *Lewis v. Casey*, 518 U.S. 343, 352-53,(1996). Therefore, a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir.2006). While Plaintiff says Defendant Hogis searched for legal materials, he does not allege he was prevented from pursuing a specific lawsuit.

In count two, Plaintiff claims Defendant Hankins retaliated against him for filing grievances and denied him meaningful access to the courts. Hankins is the senior member of the Behavior Committee. Plaintiff says based on his previous lawsuits and grievances, Hankins found him guilty of rule violations on May 5, 2015 and May 21, 2015, based on acts which did not violate any specified rules. Plaintiff has articulated a retaliation claim, but has again failed to state a claim based on a denial of meaningful access to the courts. *See Ortiz,* 561 F.3d at 671; *Lewis,* 518 U.S. at 352-53.

In count three, Plaintiff says Director Scott and Defendant Blassing retaliated against him for filing lawsuits and violated his First Amendment and RLUIPA rights. Plaintiff says the

3

Defendants directed the repeated searches at his religious services and denied him an opportunity to meet with religious leaders. [2]

The Plaintiff's final count is more difficult to interpret. Plaintiff says he is suing the Illinois Department of Human Services in its official capacity because it deprived Plaintiff of his right to practice his religion in violation of the First Amendment and RLUIPA based on the retaliatory measures of Rushville staff, and the failure to allow members of his religion to meet with any religious leaders.  The Department has further violated his equal protection rights and has turned a blind eye to the ongoing retaliation.

"The Illinois Department of Human Services is not a proper Defendant because the IDHS is effectively the State of Illinois" and the "Eleventh Amendment protects States from lawsuits seeking damages in federal court." *Schloss v. Wilcynski,* 2013 WL 3746075, at *3 (C.D.Ill. July 15,2013); *see also Woods v. Illinois Department of Children and Family Serv.,* 710 F.3d 762, 764 (7th Cir.2013).  The Plaintiff in this case requests damages and therefore the court will dismiss IDHS as a Defendant.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's petition to proceed in forma pauperis is granted. [3].  Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following federal constitutional claims: a) Defendants Hougis, Scott and Blassing retaliated against the Plaintiff in violation of his First Amendment rights with repeated searches and shakedowns at religious services; b)

---

[2] Plaintiff also alleges each Defendant engaged in a "campaign of ongoing harassment," but this claim is encompassed in his retaliation claim. (Amd. Comp., p. 17); *Fields v Maue*, 2013 WL 500823 at 3 (S.D.Ill. Feb. 11, 2013) *citing Dewalt v Carter*, 224 F.3d 607, 612 (7th Cir. 2000)("Standing alone, simply verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

Defendant Hankins retaliated against the Plaintiff in violation of the First Amendment when he found the Plaintiff guilty of nonexistent rule infractions; c) Defendants Hougis, Scott and Blassing violated Plaintiff's rights pursuant to RLUIPA and the First Amendment when they denied him the opportunity to practice his religion at weekly religious services. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of

forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to dismiss Defendant Illinois Department of Human Services for failure to state a claim upon which relief can be granted.**

11.     **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12.     **Plaintiff's motion for leave to file an amended complaint is granted [7] and his motion for a status update is denied as moot. [8]**

Entered this 18th day of November, 2015.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE